I will start over. My name is Casey Stam and I'm here on behalf of Muhammed Tillisy, the appellant in this matter. I would ask to reserve three minutes of my time for rebuttal. Very well. The primary question in this case is when the federal government has primary jurisdiction over a defendant sentenced to a term of imprisonment and committed to the custody of the Bureau of Prisons, can the U.S. Marshal unilaterally delay service of that sentence? The government has also raised up for the first time on appeal issues concerning jurisdiction and exhaustion. I'm prepared and planning to discuss all of those issues today, but I'm happy to start wherever the court would like or wherever the court has questions. Well, your argument, what do you think we should hear about first? Well, I think one way to start with this case is to talk about what I think should have happened in this case. By statute, that's USC 183585, case law, the primary jurisdiction case law, and even BOP policy, Mr. Tillisy's federal sentence should have commenced on the day that they were imposed. This is consistent with what the AUSA said they expected to happen when those sentences were imposed. It's consistent with the language of the sentences themselves, the language of the judgment, and it's also consistent with what probation said at the time they expected to happen. Mr. Tillisy should have begun serving those sentences immediately. He should have received credit for the time that he spent in federal custody prior to that, and it's only when he finished serving those sentences that he should have been sent to the state to start serving those and what he did second under all these laws and policies does matter because the state court judgment in the first state case, this is the one where he got the longest sentence in state court, 120 months, that judgment said that that court, the state court, intended that he would receive credit for time spent in federal custody against that state court judgment. So when the marshals made the decision in this case to send him to state custody first, it was effectively, well, the arguments that we've made first are that the marshal doesn't have authority to cede jurisdiction, but even if, but when we think about what that is, when one sovereign cedes jurisdiction to another, it's supposed to be an exercise of comedy, an exercise of respect, one court respecting the judgment of the other. What the U.S. marshal did in this case, by contrast, is the opposite. What the U.S. marshal did is ensure that that first state court judgment, the one that said that the state court intended Mr. Tillesey would get credit for time he spent in federal custody, would not be respected, and that is, we think, the fundamental problem in this case. So counsel, let me jump in here for a second. I have in front of me ER 219, which is the judgment and commitment order for the federal case. This is federal case 13 CR 31, or maybe 310, I should say, and it's one of the more detailed J&Cs I've ever seen. It says that the total term of imprisonment for all counts of 84 months shall run consecutively with the sentences imposed by this, the county superior court, in case they actually list the case numbers 12-01574 and 13-310, and consecutively to the sentence imposed on September 17, 2013 in this federal case. How is the sentence that you say should have been imposed consistent with the J&C in this case? Because the judge who issued that J&C knew because of knowledge of the law and because of what probation in the AUSA told him that Mr. Tillese would be getting credit on his state sentence. So the state sentence is already entered at that point. When the district court sentences Mr. Tillese, there's discussion about this issue. What's going to happen to him? How is all of this going to be calculated? And what the government tells him is that by the terms of the state judgment, the defendant is getting state credit for time spent both while he's in custody and here. That's at ER 391. So when the district court enters that consecutive sentence, the court already knows this is what the state is going to do. This is how they're going to handle their sentence. And so the federal judgment doesn't have the power to change that state judgment in any way. He's saying, okay, with that understanding and with the understanding that we have primary jurisdiction, meaning he's going to serve our sentences first, this is how I want it to go. Does that answer the court's question? Well, I guess as I read it, the sentence that was imposed is consistent with this because I read this to say that the federal sentences will run only once the state sentences are over. So I'm trying to square this with what you just said. Well, I don't read the judgment that way because in this circumstance, there's nothing in the judgment that says, well, we go first or they go first. But if it says consecutively, that means after. Not in this case because the government had primary jurisdiction. And primary jurisdiction is the method of determining priority of all kinds of things, including service of sentence. And the district court knew that. And we know the district court knew that because there was this discussion about it at sentence. Probation chimed in on that and said, yes, Your Honor, we have spoken with the government. We are the primary holder. Everyone understood that the federal government at that time, even though the government now argues something different, did have primary jurisdiction. And so if there's no indication on the record that someone thought that that law wouldn't be followed or wouldn't apply for some reason. But so if this form at ER 219 that Judge Owens is asking about had said that the 84 months shall run concurrently, if that word consecutively said concurrently, do you think some would that change what you think should have happened here? I mean, it seems like you're writing that word out of this form. Or am I missing something? Well, if it had said concurrently, I don't think that would do. I don't think that addresses the issue of who goes first at all. You also don't think consecutively addresses it. So what what what what what work is this word consecutively doing on this form? It's saying that we're not giving him, we, the federal government, are not giving him any credit for time that he's spent in state court or on his state court cases. It doesn't say and could never say, here's how the state court has to calculate their sentence. Here's what they have to do when he's transferred to them and they calculate how much he's done and what he's getting credit for. That's the problem with what the U.S. Marshal did in this case, because that's the effect that it has. And you can see. So what once the U.S. Marshal does that, though, I mean, I think in your view, it's the attorney general, not the U.S. Marshal, but he's been sent back to the state and no one does anything. No one objects. The attorney general doesn't send the Marshal to go get him back or anything. So why don't we think there's some sort of implied consent from that? Because that's not what the law says is good enough. What the law says is that if the only thing you have on the record is what the U.S. Marshal did, which is what we have here, then that's not enough. And there are two cases that say that Smith versus Swope, which is admittedly a very old case, it's 1937. But the exact language in that case about, let's see, what is it? That the actions of mere subordinate administrative officials, such as the federal federal marshal, aren't enough. That's quoted in Johnson versus Gill, a 2018 case. So the idea that you look at the record and you point to the absence of a subsequent objection or whatever. Sometimes it's clear that everyone thinks they've made a mistake, though. And so that's one thing, if the marshals have made a mistake. But here, I don't know that there's any reason to think anyone thought they made a mistake. Sorry, I didn't hear. Well, the marshals, if the marshals have made a mistake, I mean, if it's clear that they did something that they were not supposed to do, they read the wrong piece of paper, they did something that's clearly a mistake. Maybe that gets put aside. But here, what shows that this was a mistake? Well, we can look at what happened before this. So when Mr. Tillese is released from state custody and picked up then on the federal warrant, the U.S. marshals could have just taken him to state officials. They could have said, no, we don't want primary jurisdiction of this guy. He has a warrant out in state court. We'll just take him to them and then we'll get a writ later. And I shouldn't say the U.S. marshals could have said that. The government could have said that. The executive branch could have said that. No one made that determination. Over and over and over again, they made the determination to retain primary jurisdiction, to keep remanding him to custody, and not to make some sort of agreement with the state to the contrary. Instead, what they did was very clear. They made the state get a writ to secure his appearance. So I actually agree with you that the federal government had primary jurisdiction between 2013 and 2016, and I'm wondering whether he got credit toward his state sentence for that time. Between 2013 and 2016, I believe that he did, although I don't believe that that's reflected in this record. I couldn't figure it out from this record, but it seems like the magistrate judge in Minnesota thought he did get credit toward the state sentence for that time. It seems like that was the expectation that he would, and I'm basing that on what was said at the sentencing. The government said, yes, he'll be getting credit for the federal time that he does against one of his state judgments. So not against the whole thing, but against part of it. Did you want to talk about that other case that the government just filed the 28-J letter on? I didn't see the 28-J letter. When was that filed? Yesterday, we got a letter with an order from a magistrate judge in Minnesota addressing these same arguments. Oh, I have not seen that. Well, maybe what we can do is after argument, take a look at it, and maybe you want to file 28-J on that. Because I was going to ask you, I'm asking the government, what do we do with this? Apparently there's another case that there's been an order issued rejecting or recommending that it be rejected, the argument you're making now, for your client. In a 2241 out of Minnesota. Yeah. That must be a pro se case. I don't know, actually. I don't want to waste any more of your time. Do you want to reserve the rest of your time? You said that at the sentencing, the sentencing judge said, with that understanding, being the understanding that he's going to get credit in state court, I'm going to sentence him and he'll get his credit. Is that in the record? What's in the record is the government telling him that's what is going to happen. Did he say with that understanding, that's why I'm sentencing him this way? He does not. Okay. But there's no dispute about that understanding, that he's going to do this first and he's going to get this credit in the state court. And that's primarily addressed in the excerpts at 390 and 391. Okay. Thank you. Good morning, your honors. May it please the court. Michael Morgan for the United States. To address just some of the questions that have been raised. One, yes, he, in the Minnesota case, the sentence computation reflects that he didn't get, that Mr. Tillis, he did indeed get full credit against his state sentences for the period from 2013 to 2016. And you can actually just do the math. He spent about 10 years and a month in state custody from May, 2012 until July, 2022. And he was sentenced to 163 months, which means he got about three and a half years, give or take. So it's very clear that he did in fact get full credit against his state time for his time in pretrial federal detention. So that I think addresses your question. With respect to the pending 2241 in Minnesota, that actually shows why there's just a jurisdictional problem here. The district court simply could not grant any of the relief that the defendants sought. None. The main thrust of what the defendant was asking for was a NUNCPOTUG designation from BOP. That's the only claim he said he exhausted. This kind of claim has been addressed in 2241 petitions. And the Minnesota case is a 2241. And as I understand it, he was in that jurisdiction when he filed that petition. And then he was in Washington when he filed this petition. So I don't understand why this can't be a 2241. The wrong respondent has been named. The BOP was never named. So even if the district court wanted to convert this to a 2241, it couldn't. The proper respondent was not before the court. The person who's responsible for the computation is BOP. But wouldn't a 2241 be against the warden? It would be against the warden. But this was filed in the criminal case. The respondent was the United States, not the warden. To bring a 2241 jurisdictionally, you have to name the warden. And that makes perfect sense because it is the warden or BOP who is responsible for the computation, not the district court. The district court cannot, in the first instance by statute, do a sentencing computation. That is the function of BOP. The district court can review that computation in a 2241 after exhaustion of administrative remedies. But that didn't happen here. So you just couldn't convert this to a 2241 to even though he's pro se and the government knows you're here defending. Well, two things. One, the district court didn't read it that way. So the district court didn't read this as an attempt to raise a 2241. The district court, and in fairness, the government below, didn't raise the jurisdictional problems that exist, and we should have, and I apologize for that. But the reality is that conversion to a 2241 would have been improper. He could have refiled and filed against the proper respondent, and shown that he had exhausted, and then it would be before the district court properly. But that's not what happened. And then... Well, if you haven't raised exhaustion, then he doesn't have to deal with it. So it seems like both sides are kind of messed up here, and I'm not sure why as a pro se petitioner, plaintiff, whatever we're going to call him, that we can't construe this ourselves. I'm not sure why it matters that the district court didn't do what could be done. Well, it matters because of the relief this Court could grant. This Court could not — you could not compel the district court to deem his sentence to commence as of a certain date, because that's not the district court's function. The district court lacks statutory jurisdiction to do that. And you can't compel BOP to make that computational claim, because, one, that claim was premature at the time this was filed, so it would have been subject to dismissal for that reason. And, two, BOP is not before this Court. I mean, any remedy that you would want to give, you just can't give against the parties that are before the Court on this appeal. That's the problem. That's like procedurally, this was just all — I understand the defendant was pro se, but he just filed the wrong pleading, and he filed the wrong respondents, and so the relief he sought was just not obtainable from the parties before the Court. So we could remand and have them — give them a chance to fix it? Is that what you want us to do? Well, he's already — I mean, you could, except that he couldn't do it now here, because he's no longer in custody here. He has done a procedurally proper 2241 in the District of Minnesota, where he was incarcerated. So there has been a procedurally proper method for challenging BOP's computation. Oh. I thought he was here after Minnesota. Was he in Minnesota after he was here? No, no. The Minnesota case happened well after the Washington case. Oh. Yes. So — So he's in Minnesota now? No, he's actually now in Butner. But he was — he's moving between medical facilities, but yes, he filed — this is why backing up. He filed all his pleadings here before he was even in Federal custody. He was in State custody when he was filing these pleadings in the District Court. That's why BOP never made a computation in this case, because he wasn't in BOP custody. BOP doesn't make a computation until he's in BOP custody. And this Court's cases make clear that any 2241 challenging a computation is premature until BOP actually makes a computation. That's why, like, to the extent that the defendant is challenging — is trying to challenge the computation when his sentence commenced, this is just not the right vehicle. It was premature. It wasn't filed in the right forum. It's just not a vehicle for doing that. And to the extent he wanted the District Judge to just make that computation, well, that was precluded by statute and by the Supreme Court's decision in Wilson. So the District Court just couldn't do that. The only relief that the District Court theoretically could have granted would have been to modify its judgment to say that my concurrent — my consecutive sentence really runs concurrently, but the District Court lacked jurisdiction to do that, too. So that's sort of the problem procedurally. And I've burned a lot of time talking about this, but I think it's important because, ultimately, the District Court was powerless to grant any relief to the defendant that he sought. So if you were — if you were writing the opinion in this case, or the mem dispo, or whatever this case is going to be, what would it say? I've thought about this at length. I appreciate that. I think, technically, the District Court lacked jurisdiction to deal with the designation, which I also note has been abandoned on appeal, so it's kind of an esoteric issue, but that was the main thrust of the relief sought in the District Court. That should have been denied for lack of jurisdiction and for failure to exhaust. To the extent that the District Court was being asked to modify its judgment, it theoretically had jurisdiction under 3582 to consider that application, but lacked authority under the statute to grant that relief. So you would affirm for lack of jurisdiction for part, and affirm for lack of authority on the other. That would be, doctrinally, the most logical way to do it. The simplest way to do it would be to say, well, even if the Court had jurisdiction, what the District Judge did was obviously correct, because the judgments are unambiguous in this case. And I think that's sort of the issue that my friend has sort of been ignoring, is that we talk all this talk about primary jurisdiction and who has primary jurisdiction. Well, even if the Federal Court had primary jurisdiction when it imposed its sentence, that didn't prevent the Court from ordering a consecutive sentence. I mean, that's permissible by statute, by common law. The Court was entitled to order its sentence to run consecutively to the antecedent State sentences. And case law dating back a century makes clear that consecutive has a definite meaning. It means after, sequentially. So the terms of the judgment are unambiguous. The Federal sentence runs after completion of the State sentence. So as far as the marshals, the marshals did everything completely proper. They had a judgment that told them he'd been sentenced to a Federal term that was to run after an antecedent State term that had been previously imposed. So to effect that judgment, you return the prisoner to State custody to serve his State sentence, and then take him back, once that's done, to do his Federal sentence. That's exactly what happened here. There was no impropriety at all by the marshals. So whoever had primary jurisdiction is ultimately an irrelevance here. The result here is just dictated by the judgments. And that point aside, as I think Judge Freeland pointed out, no one's objected to this. And this Court actually does have a case. It's the Ramsey case. It's cited in our briefs. It says that if a sovereign doesn't object, that's deemed to be consent. So even if somehow there was some problem with the Court ordering this consecutive sentence, which, again, there was not, the Attorney General's failure to object to this is a consent, and Mr. Tillis, he has no standing to object to that. So for that reason, too, he's not entitled to any relief. But I think that the simplest resolution of the case is the text of the judgments. If the Court has no further questions? And I would ask for an affirmance. Thank you, Your Honors. And it was a pro se. I figured as much. Mr. Tillis has not done a great job of keeping me informed about such matters. And I apologize. I'm not sure how I didn't see that yesterday. I've been on hotel Wi-Fi. And I will address it in subsequent pleadings. I would just say, with regard to the government's arguments, if those arguments were correct, if it was true that the Marshal's act of transporting Mr. Tillis and the lack of any objection on the record were sufficient to establish seating of primary jurisdiction in this case, the cases of Smith v. Swope and Johnson v. Gill would make no sense whatsoever, because those are exactly the same situation. Situation where the Marshal did a transport and there was no further objection on the record. And in those cases, the Court said, that's just not enough. The main thrust of the arguments made by Mr. Tillis below was that the Court, the Federal Court had primary jurisdiction at the time that he was sentenced. I would be the first to admit that those arguments were not made particularly clearly or articulately and one of the problems is that Mr. Tillis filed a lot of different things separately. The government has it correct when they say that at some point he was filing too early. He was filing things before he was in federal custody. But I did want to correct the record. He also was filing after he was in federal custody. When he came back from the state, the first place that he went was SeaTac Washington, the federal detention center there. And because he was pro se, you can see that in the record. Because his pleadings after that point, the ones that are the most recent in this case, and the ones that are on appeal now, have the envelopes with them and are postmarked from SeaTac. So he was in that correct spot when he filed this. And if you look at his pleadings carefully, and I know it's somewhat painful to do so, you can see very clearly that he is making arguments about federal primary jurisdiction. He talks about... So can I just ask, I did think that this could be construed as a 2241 that would have jurisdiction, but how do you respond to this argument that he sued the wrong party then? I would say the government should have raised that below. It makes no difference in terms of the issues that are before the court now. That would have been a simple fix in the district court below. It doesn't change the fact that the court does have subject matter jurisdiction to determine under 2241 when a person's federal sentence commenced. That's very clear from the case law. So we would argue that that's not a sufficient basis to reject all of Mr. Tillis's arguments herein. Thank you very much. Thank you both for your briefing and argument. And Ms. Stamm, especially, thank you for taking on a challenging case and the excellent briefing that you filed. We appreciate it very much. This matter is submitted.
judges: OWENS, FRIEDLAND, Rayes